IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RICHARD MARQUETTE,

        Petitioner,

   v.

BRIAN BELLEQUE,

        Respondent.

Civil No. 09-624-MO

OPINION AND ORDER

    Thomas J. Hester
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    John R. Kroger
    Attorney General
    Jonathan W. Diehl
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he challenges the legality of the state habeas trial court's denial of his oral and written motions to file a replication in that proceeding. Because petitioner fails to state a cognizable claim, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

On December 18, 1961, petitioner was convicted of First Degree Murder based on the beating, rape, murder, and dismemberment of his female victim. Respondent's Exhibit 101. Following his conviction, petitioner was sentenced to an indeterminate life sentence and paroled after serving approximately 12 years. Shortly thereafter, he murdered another woman and on May 30, 1975, he pled guilty to Murder and received another life sentence with the possibility of parole. Respondent's Exhibit 101, Judgement in Marion County Case No. 89785.

On August 31, 2006, petitioner filed a state habeas corpus petition alleging, in part, that he was entitled to release on parole under the laws in effect at the time of his crime, thus the Board's refusal to release him violated the Constitution's prohibition against *ex post facto* punishment. Respondent's Exhibit 102. The State filed its Return to the Petition, but petitioner failed to file his Replication. Although he sought additional time

to do so, the state habeas court denied the motion on the basis that petitioner had previously been allowed a continuance and failed to adhere to the resulting deadline. Respondent's Exhibit 107. Consequently, the state habeas court dismissed petitioner's case for procedural reasons, *i.e.*, his failure to file his Replication. Respondent's Exhibit 109.

Petitioner filed a second state habeas action on March 3, 2008, which was denied because: (1) petitioner failed to plead sufficient facts to state a claim; and (2) petitioner's remedy was to seek judicial review under ORS 144.335 which he failed to do. Respondent's Exhibit 118, p. 2. The Oregon Court of Appeals affirmed this decision without opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 121, 123.

Petitioner filed this federal habeas corpus action on June 4, 2009 and raises the following claims:

1.  The state habeas court erred in denying petitioner's written motion for leave to file his replication after petitioner's attorney failed to file the replication by the due date; and

2.  The state habeas court erred in denying petitioner's oral motion for leave to file his replication.

Respondent asks the court to deny relief on these claims because they fail to state a claim upon which the court can grant habeas corpus relief.

///

///

3 - OPINION AND ORDER

**DISCUSSION**

As an initial matter, respondent has addressed the claims contained in the Petition, but petitioner has neither responded to those arguments, nor has he otherwise provided the court with any briefing to support those claims. As a result, he has failed to sustain his burden of proof in this proceeding. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002). In any event, the denial of a continuance in a state collateral proceeding did not result in petitioner's continued incarceration, and thus does not state a cognizable claim for habeas corpus relief. *See Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989); *Lambert v. Blackwell*, 387 F.3d 210, 247 (3rd Cir. 2004). To the extent petitioner seeks to pursue a claim of ineffective assistance of state habeas counsel for failing to meet the deadline for filing the replication, "[t]he ineffectiveness or incompetence of counsel during . . . State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).

Although petitioner argues for the first time in his supporting memorandum that he was the victim of an *ex post facto* violation during his parole review process, such a claim is not contained in the operative pleading for this case and is therefore not eligible for review. *See* Rule 2(c), Rules Governing

Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (requiring each habeas petition to "specify all the grounds for relief which are available to the petitioner"); *Greene v. Henry*, 302 F.3d 1067, 1070 fn 3 (9th Cir. 2002) (a court need not consider claims not raised in the petition). Petitioner recognizes that his *ex post facto* claim should be included in his Petition, and argues that this pleading failure should be excused because the Petition is *pro se*, and also because the State should be aware of the claim from the contents of the 2006 state habeas petition. These arguments are not well-taken.

Petitioner filed his *pro se* Petition in this case on June 4, 2009, but he is not proceeding *pro se* in this action. On July 27, 2009, the court issued a scheduling order and, on the same day, appointed an attorney from the Federal Public Defender's Office to represent him. In the Order appointing counsel, the court ordered the Clerk to send a copy of the Petition to petitioner's appointed attorney with the expectation that counsel would review it and, if necessary, move to file an amended petition. Counsel made no such motion.

Two months later, on September 25, 2009, the State filed its Response arguing that none of the grounds for relief in the Petition stated a claim. Counsel for petitioner still did not move to file an amended petition. Instead, after receiving five extensions of time (and being advised that the court would not

issue any further extensions), counsel filed a brief arguing only an unpled claim which, at the end of his brief, he admits does not comply with applicable "pleading technicalities."  Memo in Support (#29), p. 21.

Realizing that the Petition is deficient with respect to pleading the *ex post facto* claim he now seeks to argue, counsel writes in a footnote on page 22 of his supporting memorandum, "Should the Court require an Amended Petition affirmatively setting forth the *ex post facto* claim argued herein before it will consider such a claim, Petitioner affirmatively requests leave to file such an Amended Petition in conformance with Fed. R. C. Pro 15(a)(2)."

Petitioner's request to amend does not comply with Local Rule 15-1(d) which requires a party moving to amend a pleading to append a copy of the proposed amended pleading to the formal motion to amend.  Importantly, by petitioner's own calculation, any new motion to amend the Petition would be untimely.[1]

This result could have been avoided with the filing of a proper motion to amend.  Petitioner has been aware of his *ex post facto* claim since filing for state habeas relief in 2006. Respondent's Exhibit 102.  Not only was this claim omitted from the original Petition for Writ of Habeas Corpus, but after counsel's appointment and review of the Petition, and even after respondent answered the Petition more than a year ago identifying the specific

---

[1] Memorandum in Support (#29), p. 22.

6 - OPINION AND ORDER

claims raised in that Petition and their deficiencies, counsel did not attempt to rectify the pleading error.  Absent a formal motion to amend, the court is placed in the unconventional position of reading each and every brief filed in all of its cases on the day that each brief is filed (and when the case is not under advisement) to determine whether there is an undocketed request requiring an immediate ruling in order to safeguard a litigant from a procedural pitfall.  This would defy traditional motions practice, and the court should certainly not be put to this burden where it has elected to appoint counsel.

Even if a second motion to amend would not be untimely, the court would not allow amendment based upon undue delay and prejudice to respondent. See *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991).  The undue delay is clear from the discussion above.  With respect to the prejudice inquiry, petitioner's state habeas proceedings have been resolved on procedural grounds, not upon the merits.  It would be unduly prejudicial to respondent at this late date to require additional briefing on the issues of exhaustion, procedural default, any excuses thereto, and a full analysis of the merits of the *ex post facto* claim simply because counsel for petitioner declined to move with any diligence, failed to adhere to the Rules Governing Section 2254 Cases, and ignored the court's Local Rules relating to

amendment. Amendment at this late stage of the proceedings would also result in a wholly unnecessary judicial delay.

For all of these reasons, petitioner's footnote request to file an amended petition is denied. The Petition for Writ of Habeas Corpus is denied because it fails to state a claim upon which relief may be granted. Because further amendment of the Petition is not appropriate, the court dismisses this action with prejudice.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this  20   day of October, 2010.

                     /s/Michael W. Mosman
                         Michael W. Mosman
                         United States District Judge